Andrew M. Calamari
Sanjay Wadhwa
Gerald Gross
Paul G. Gizzi
James Hanson
Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0087 (Hanson)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | COMPLAINT |
| v. | ECF CASE |
| ANDREW W. W. CASPERSEN and IRVING PLACE III SPV, LLC, | 16-CV- |
| Defendants. | |

Plaintiff Securities and Exchange Commission (the "Commission") alleges the following against defendants Andrew W.W. Caspersen ("Caspersen") and Irving Place III SPV, LLC ("Irving Place III SPV," and together with Caspersen, "Defendants"):

## SUMMARY

1. Since at least October 2015 and continuing until the present, Caspersen, a securities professional associated with a registered broker-dealer, has solicited approximately

$95 million in investments from two investors, offering promissory notes issued by defendant Irving Place III SPV and carrying a 15% annual interest rate. Irving Place III SPV, however, is nothing more than a shell entity formed and solely owned and controlled by Caspersen. It appears to have no legitimate business. By false and misleading statements, in November 2015, Caspersen obtained a $25 million investment, which was wired to Irving Place III SPV's bank account. Caspersen then simply took control of the funds for his personal use. Using false and misleading statements, Caspersen has since (so far unsuccessfully) solicited, and has continued to solicit, at least an additional $70 million.

2. By this action, the Commission seeks injunctive relief, disgorgement of ill-gotten gains plus prejudgment interest, and civil penalties.

## VIOLATIONS

3. Based on the conduct alleged in this Complaint, Caspersen and Irving Place III SPV violated Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

4. The Commission brings this action pursuant to authority conferred by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(1)], seeking to permanently enjoin the Defendants from engaging in the acts, practices, transactions and courses of business alleged herein. The Commission also seeks a final judgment: (i) ordering Defendants to disgorge, on a joint and several basis, all their ill-gotten gains and to pay prejudgment interest thereon; and (ii) imposing civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

2

Act [15 U.S.C. § 78u(d)(3)].

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. A substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of New York. For instance, Caspersen orchestrated the illegal conduct alleged herein from this district. Caspersen also resides in this district.

7. In connection with the conduct alleged in this complaint, the Defendants, directly or indirectly, have made use of the means or instruments of transportation or communication in, and the means or instrumentalities of, interstate commerce, or of the mails, or of the facilities of a national securities exchange.

## DEFENDANTS

8. Caspersen, age 39, is a resident of New York City and Bronxville, NY. Since January 2013, he has been a managing principal of his employer, a broker-dealer registered with the Commission. Between 2003 and 2012, Caspersen was a principal at a private equity firm based in London, U.K. He graduated from Harvard Law School in 2002 and Princeton University in 1999.

9. Irving Place III SPV is a Delaware limited liability company that Caspersen founded in 2015. Irving Place III SPV and its bank account are controlled by Caspersen.

3

## FACTS

10. In October 2015, Caspersen solicited a $25 million investment from "Investor 1," a non-profit charitable affiliate of an investment limited partnership. Caspersen offered Investor 1 a promissory note issued by Irving Place III SPV. The promissory note promised 15% annual interest, payable quarterly, and was fully redeemable on 90 days' notice. While soliciting this investment, Caspersen told Investor 1 that its $25 million investment would be secured by approximately $900 million of assets of Irving Place Capital Partners III SPV.

11. When Caspersen created his LLC, he deceptively named it Irving Place III SPV, so that others would deem it affiliated with Irving Place Capital Partners III SPV, a legitimate private equity fund not associated with Caspersen. Unlike Irving Place Capital Partners III SPV, Irving Place III SPV had no legitimate business. Rather, Irving Place III SPV is only a vehicle to solicit money from investors, and its only asset is a bank account controlled by Caspersen.

12. To facilitate this offering, Caspersen drafted a promissory note and a security agreement, and he apparently signed these documents on behalf of Irving Place III SPV using the fictitious name, John Nelson. The note and agreement memorialized the offering terms of the investment that Caspersen had solicited from Investor 1.

13. On November 5, 2016, Investor 1 made its $25 million investment using wire instructions provided by Caspersen, and transferred the $25 million to Irving Place III SPV's bank account at Bank of America, an account controlled by Caspersen.

14. Caspersen thereafter simply took control of these funds for his personal use.

15. While soliciting this investment, Caspersen and Irving Place III SPV misleadingly did not disclose to Investor 1 that: (i) they were not associated with Irving Place Capital Partners III SPV nor were they authorized to grant a security interest; (ii) Irving Place III SPV was solely

4

controlled by Caspersen and had no legitimate business; and (iii) Caspersen intended to use the investment proceeds for his personal use.

16. In March 2016, Caspersen solicited an additional $20 million investment from Investor 1 and a $50 million investment from another potential investor. During these solicitations, Caspersen made similar misleading representations as he had with Investor 1's $25 million investment.

17. By this time, however, Investor 1 had become suspicious of the source of the first interest payment received from Irving Place III SPV, and told Caspersen that it would not invest more money and wanted to redeem its $25 million investment.

## FIRST CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act
(Caspersen and Irving Place III SPV)

18. The Commission re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 17 of this Complaint.

19. From at least October 2015 to the present, Caspersen and Irving Place III SPV, directly or indirectly, singly or in concert, by use of the means or instruments of transportation or communication in interstate commerce, or of the mails, in the offer or sale of securities, have: (a) employed devices, schemes and artifices to defraud; (b) obtained money or property by means of untrue statements of material fact, or have omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices and courses of business which operated or would have operated as a fraud or deceit upon purchasers.

20. By reason of the foregoing, Caspersen and Irving Place III SPV have violated, and, unless enjoined, are reasonably likely to continue to violate, Section 17(a) of the Securities

Act [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF

### Violation of Section 10(b) of the Exchange Act and Rule 10b-5
### (Caspersen and Irving Place III SPV)

21. The Commission re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 17 of this Complaint.

22. From at least October 2015 to the present, Caspersen and Irving Place III SPV, directly or indirectly, singly or in concert, by use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of securities, have: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact, or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices and courses of business which operated or would have operated as a fraud or deceit upon investors.

23. By reason of the foregoing, Caspersen and Irving Place III SPV have violated, and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that the Court grant the following relief:

### I.

A Final Judgment permanently restraining and enjoining Defendants, their agents, servants, employees and attorneys and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from committing future violations of each of the securities laws and rules promulgated thereunder as alleged herein.

### II.

A Final Judgment ordering Defendants to disgorge, on a joint and several basis, all their ill-gotten gains, and to pay prejudgment interest thereon.

### III.

A Final Judgment ordering Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## IV.

Such other and further relief as this Court deems just and proper.

Dated: March 28, 2016
      New York, New York

*Sanjay Wadhwa*
_____
Sanjay Wadhwa
Andrew M. Calamari
Gerald Gross
Paul G. Gizzi
James Hanson
New York Regional Office
SECURITIES AND EXCHANGE
  COMMISSION
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-0087 (Hanson)
Attorneys for the Plaintiff